IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,         ORDER

   v.             06-cr-19-jcs-01

JOSEPH K. BARTH,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  A hearing on the probation office's petition for judicial review of Joseph K. Barth's supervised release was held in this case on August 7, 2008, before United States District Judge Barbara B. Crabb (hearing the case in Judge Shabaz's absence).  The government appeared by Assistant United States Attorney David J. Reinhard.  Defendant was present in person and by counsel, Erika Bierma.  Also present was Senior United States Probation Officer Michael D. Harper.

  From the defendant's stipulation I make the following findings of fact.

## FACTS

  Defendant was sentenced in the Western District of Wisconsin on August 2, 2006, following his conviction for unlawful possession of a firearm following a conviction for a

misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). This is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of six months, with a 36-month term of supervised release to follow.

On January 11, 2007, defendant began his first term of supervised release. Shortly thereafter, he violated Special Condition No.1 of his supervised release, which required him to complete a 90-day placement at a residential reentry center. He was discharged from the Rock Valley Community Programs, Janesville, Wisconsin, before successful completion of his placement, on the grounds that he had been belligerence with staff and used vulgar language. This violation resulted in a petition for judicial review to show cause why his term of supervised release should not be revoked. On July 11, 2007, Judge Shabaz dismissed the petition for judicial review because the defendant had no additional violations of his term of supervised release.

In August 2007, defendant violated Special Condition No. 6 of his supervised release requiring him to abstain from the use of alcohol and not patronize any establishment at which alcohol is the principal item of sale. On August 29, 2007, Judge Shabaz revoked the term of supervised release because defendant had consumed alcohol on August 5, 2007, and again on August 13, 2007. Defendant was ordered to serve an 11-month term of imprisonment followed by a two-year term of supervised release. All previous conditions and special conditions were affirmed.

On July 11, 2008, defendant began his second term of supervised release.  Again, he violated Special Condition No. 1 of his supervised release, requiring him to complete a 90-day placement at a federally-contracted residential reentry center, when he was terminated on July 15, 2008, as a poor adjustment case. Defendant's conduct falls into the category of a Grade C violation, as defined by §7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release.  In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violation warrants revocation.  This is defendant's second term of supervised release and the second in which he has demonstrated his inability to comply with treatment directives, cooperate with staff and obey the rules and regulations of the residential reentry center.  Accordingly, the two-year term of supervised release imposed on defendant on August 29, 2007, will be revoked.

Defendant's criminal history category is III.  With a Grade C violation and a criminal history category of III, defendant has an advisory guideline range of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was

3

sentenced previously was a Class C felony.

I have selected a sentence near the middle of the guideline range to hold defendant accountable for this violation and to protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. No term of supervised release is to follow the term of imprisonment. The sentence is to begin immediately.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of August 2008.

BY THE COURT:

/s/
BARBARA B. CRABB
Chief District Judge